RELATED DDJ

```
FILED
CLERK, U.S. DISTRICT COURT
06/18/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____AP_____ DEPUTY
```

Jeff Macy "In Pro Per"
P.O. Box #103
Twin Peaks, CA 92391
Phone #: (909) 744-8480
E-mail: macybuilders@yahoo.com

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

| | |
|---|---|
| JEFF MACY, as an individual,<br><br>PLAINTIFF,<br><br>vs.<br><br>SAN BERNARDINO COUNTY PUBLIC RECORDS, a public entity,<br><br>DEFENDANT. | Case No.: TBD 5:24-cv-01325-RGK(BFM)<br><br>COMPLAINT FOR DAMMAGES & DEMAND FOR JURY TRIAL:<br><br>**(1)** Emotional Distress.<br>**(2)** Cover up.<br>**(3)** Failure to do Public Record's Requests.<br>**(4)** Municipal & Supervisory Liability (42 U.S.C. § 1983).<br>**(5)** Negligence.<br>**(6)** Conspiracy. |

**[DEMAND FOR JURY TRIAL]**

*"When a man assumes a public trust, he should consider himself as public property, & justly liable to the inspection & vigilance of public opinion; & the more sensibly he is made to feel his dependence, the less danger will there be of his abuse of power — The abuse of power, that rock on which good governments, & the people's rights, have been so often wrecked." - Thomas Jefferson (U.S. Constitution)*

PLAINTIFF JEFF MACY, through their undersigned counsel, hereby files this Complaint against Defendant San Bernardino County Public Records, inclusive (collectively "County Public Records"), alleges as follows:

**JURISDICTION & VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343(a)(3-4) because Plaintiff assert claims arising under the laws of the United States including 42 U.S.C. §§ 1983 & 1985, the Fourth & Fourteenth Amendments of the United States Constitution. This court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367 because those are so related to PLAINTIFF's federal claims that the

PAGE 1

claims form part of the same case &/or controversy pursuant to Article III of the United States Constitution.

2. Venue is properly founded in this judicial district pursuant to **28** USC §§ **1391**(b) & (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District & Defendant are subject to personal jurisdiction in this district.

## PARTIES

3. PLAINTIFF JEFF MACY, is a citizen of the State of California, & at all relevant times herein was a resident in San Bernardino County in the State of California.
4. Defendant San Bernardino County Public Records is & at all times relevant a public entity located in the County of San Bernardino & existing under the laws of the State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Each & every allegation set forth in each & every averment & allegation of this pleading hereby is incorporated by this reference in each & every averment & allegation of this pleading.
6. I am informed & believe that San Bernardino County is refusing to give Public Records requested, failing to comply with the California Public Records Act (PRA).
7. I am informed & believe that San Bernardino County Public Record Requests portal limits access on public records requested, only allowing the requestor or staff to view them. Public Records should be open to inspection at all times, not restricted.
8. I am informed & believe that the California Public Records Act (PRA) gives every person the right to access public records unless the records are exempt from disclosure by law. (Government Code section **7920.000** et seq.).
9. I am informed & believe that government agencies cannot withhold information or edit video/recordings of Public Servants, Employees, or Officers that are on public duty, who forego their privacy while performing their jobs. Public servants have no expectation of privacy while acting in their official capacity or performing their jobs.
10. I am informed & believe that San Bernardino County are intentionally, willfully rejecting Plaintiff's Public Records Requests. San Bernardino County would not preserve the record & are not doing their job. San Bernardino County sent Plaintiff's a Preservation of Evidence letter

PAGE 2

saying, "As a duty authorized custodian of San Bernardino County Sheriff's Department records, I provide the following response to your request for the preservation of evidence: Please be advised that a civil hold was not placed due to lack of information. Unable to locate report #'s based on address given." The letter was signed by A. Stafford from the San Bernardino County Sheriff's Office.

11. All requests will be handled in a timely manner: The PRA requires public agencies to initially respond to a request for records within ten calendar days (this time limit may be extended by 14 days in certain circumstances). CSD will inform the requestor of the status of the request within ten days, & further inform the requestor of an estimated timeframe for completion. Section 6253 of the Government Code, which sets forth the 10-day compliance period under the Public Records Act, simply states that a response shall be made "within 10 days from receipt of the request."

12. I am informed & believe that Defendant mockingly offered Plaintiff $500 for all valid claims.

## FIRST CAUSE OF ACTION

### Emotional Distress

### (By Plaintiff Against Defendant San Bernardino County Public Records)

13. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 12, inclusive.

14. Defendant are **"abusing a position of authority"**, instead of helping Plaintiff & Family, Defendant Public Records is helping the San Bernardino County cover up & not fulfilling public records requests.

15. Defendant had already known Plaintiff was **"particularly vulnerable to emotional distressed",** due to the San Bernardino County taking advantage of Plaintiff & neglecting to help Plaintiff & Family with Public Records Requests.

PAGE 3

16. Defendant, **"knew that their conduct will likely result in emotional harm"**. County Defendant is actively covering up for other County Organizations & not helping Plaintiff with Public Records Requests.
17. Plaintiff is further informed & believes & here-in alleges that such actions were done with intent to cause serious emotional distress & were done with reckless disregard of the probability of causing Plaintiffs serious emotional distress.
18. The conduct of the Defendant was despicable, abuse of power, abuse of authority, oppressive, & accomplished with a conscious disregard for Plaintiff & Family's rights.
19. As a proximate result of the Defendant's actions & inactions; Plaintiff Jeff Macy incurred damages in the form of psychological & emotional injuries, including, without limitation, pain & suffering, sleep deprivation, humiliation, all of which are continuing & damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

## SECOND CAUSE OF ACTION

### Cover Up

**(By Plaintiff Against Defendant San Bernardino County Public Records)**

20. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph **1** through **19**, inclusive.
21. Defendant's County Public Records are not doing their job & providing Public Records Requests. Defendant already knows it's County CSA-**18** committing crimes against Plaintiff. County Public Records are not investigating or providing Public Records Requests from County CSA-**18** as part of continued cover up.

22. San Bernardino County Public Records are not calling back in regards to Public Records Requests.
23. Defendant keeps giving denial letters with unclear reasoning to why Public Records Requests will not be fulfilled.
24. Instead of the Defendant's correcting County CSA-18's wrongdoings, Defendant are helping San Bernardino County cover up numerous crimes.
25. For the good of the community, anyone that is involved in this cover up & widespread corruption should be retrained, suspended, or fired.
26. Defendant's authorities to the best of Plaintiff's knowledge have failed to do any & all investigations or resolutions to this day!

## THIRD CAUSE OF ACTION

### Failure to do Public Record's Requests

### (By Plaintiff Against Defendant San Bernardino County Public Records)

27. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 26, inclusive.
28. Defendant is still failing to give Plaintiff's public records requests.
29. Defendant violated Government Code (GC) sections 6250-6270 failure to complete request within the 10 days to this day.
30. Defendant failed to do public records requests as requested by Plaintiff multiple times.
31. Plaintiff has requested numerous times for documents as well as recordings from Defendant. Defendant has failed to follow the 10-day legal requirement to disclose & provide the documents to Plaintiff as requested.

32. All Public Records Requests will be handled in a timely manner: The PRA requires public agencies to initially respond to a request for records within ten calendar days (this time limit may be extended by 14 days in certain circumstances). CSD will inform the requestor of the status of the request within ten days, & further inform the requestor of an estimated timeframe for completion. Section 6253 of the Government Code, which sets forth the 10-day compliance period under the Public Records Act, simply states that a response shall be made "within 10 days from receipt of the request." Defendant has not followed or responded to Public Records Requests made by Plaintiff & Family.

33. Defendant has failed to fulfill public records request from Plaintiff for what regulations Defendant has & who made the regulations; for Defendant to not follow the laws.

34. Public Records Act or Freedom of Information Act Requests; which is a national law (5 U.S.C. § 552) that requires federal agencies to make information available to the public. FOIA is now used as a colloquialism in the United States as any type of request for information from any government agency. The First Amendment gives rights of access, motions to unseal records, etc. State level, in California the law is Cal. Gov. Code § 6250 et seq., & is different from state to state. Local ordinances, Admin. Code § 67 (Sunshine Ordinance). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption & to hold the governors accountable to the governed."

### FOURTH CAUSE OF ACTION

**Municipal & Supervisory Liability (42 U.S.C. § 1983)**

**(By Plaintiff Against Defendant San Bernardino County Public Records)**

35. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 34, inclusive.

36. Defendant's maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling & disciplining the intentional conduct of County Public Records Employees.

37. Defendant County Public Records together with various other officials whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, & customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendant condoned, tolerated, & through actions & inactions thereby ratified such policies. Said Defendant also acted with deliberate indifference to the foreseeable effects & consequences of these policies with no respect of the constitutional rights of Plaintiff & Family.

38. By reason of the aforementioned policies & practices of Defendant, Plaintiff incurred damages in the form of thousands of dollars lost & emotional injuries, including, without limitation, humiliation, all of which are continuing & damage to reputation. Plaintiff's actual damages will be ascertained at trial.

39. The policies, practices, & customs implemented & maintained & still tolerated by Defendant were affirmatively linked to & were significantly influential forces behind the Plaintiff receiving more tickets from San Bernardino County Code Enforcement trying to wrongfully extort more money from Plaintiff.

40. Defendant has allowed San Bernardino County Public Record Employees to deprive Plaintiff Jeff Macy of their rights & liberties secured by the 4th & 14th Amendments to the United States Constitution, in that said Defendant & their supervising & managerial employees, agents, & representatives acting with gross negligence & with reckless & deliberate indifference to the safety, rights, & liberties of the public in general & of Plaintiff Jeff Macy, & of persons in their class, situation & comparable position, in particular, knowingly maintained, enforced & applied an official recognized custom, policy, & practice of:

    (a) Employing & retaining as county officials & other personnel, including County Public Records Employees at all times material herein knew or reasonably should have known had propensities for abusing their authority & for mistreating citizens by failing to follow their code of ethics & fulfilling public records requests;
    (b) Inadequately supervising, training, controlling, assigning & disciplining County Public Records Employees & other personnel, each knew or in the exercise of reasonable care should have known the aforementioned propensities & character traits;
    (c) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling, & disciplining the intentional conduct by County Public Records Employees & other personnel;
    (d) Failing to adequately train County Public Records Employees including Defendant San Bernardino County Public Records &

failing to institute appropriate policies regarding constitutional procedures & practices.

41. Defendant had either actual of constructive knowledge of the deficient policies, practices, & customs alleged in the paragraphs above. Despite having knowledge as stated above, the Defendant condones, tolerated & through actions & inactions thereby ratified such policies. Said Defendant also acted with deliberate indifference to the foreseeable effects & consequences of these policies with respect to the constitutional rights of Plaintiff Jeff Macy & other individuals similarly situated.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE

**(By Plaintiff Against Defendant San Bernardino County Public Records)**

42. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 41, inclusive.

43. Defendant's Supervisors also refuses to have meeting with Plaintiff & Family about not fulfilling Public Records Requests.

44. Defendant was negligent because County Public Records Employees are failing to complete Public Records Requests.

## SIXTH CAUSE OF ACTION

## CONSPIRACY

**(By Plaintiff Against Defendant San Bernardino County Public Records)**

45. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 44, inclusive.

46. 1. County Code Enforcement, 2. California Highway Patrol, 3. Burrtec, 4. Waste Management, 5. County Public Works, 6. County CSA-18 7. San

Bernardino County Sheriff's Department **8**. County Public Records are allegedly conspiring, targeting Plaintiff & Family's religious Yeshua Temple project with animus-based discrimination against their freedom of religion. Governmental agencies are targeting Plaintiff & Family; religious non-profit Christians, conspiring with other government organizations to deprive Plaintiff & Family of their civil rights and/or ability to build a Holy Temple. County Code Enforcement has given egregious notices, & have trespassed on Plaintiff's private property multiple times; with no warrants or court orders on Plaintiff's Mojave River Rd, Cedarpines Park, CA **36**-acre private property. County Public Works, County CSA-**18** has cut down Plaintiff's cables at religious private property. Burrtec private trash company drives on Plaintiff's private Augusta Way road without permission. For years Burrtec has caused weight damage to Plaintiff & Family's private road from excessive weight from Burrtec trucks, which travel from **County SWMD** which is the County of San Bernardino's **S**olid **W**aste **M**anagement **D**ivision; that Waste Management has willingly allowed to extort more money. County Deputy Sheriff Officer Robert Maestas gave Plaintiff Jeff Macy an illegal ticket for picking up trash. Plaintiff & Family put trash in Macy family trash truck, from own Macy's private property. On Christmas evening, for a claim made a week earlier by an unknown neighbor said had verbal permission to report broken sign on Plaintiff's property as stolen trash? County Deputy Sheriff Officer Robert Maestas said, "I didn't want to give you a ticket, but captain made me do it, …don't want to arrest you; but you will have to appear in court to contest it." Plaintiff Jeff Macy, with whole family & Plaintiff present collecting trash testified to County Officer it was trash in a trash

pile on Plaintiff's private property, out of sight, no neighbors live in view of where Plaintiff & Family were picking up trash on Plaintiff's property. Macy's had to worry, still had threat of going to jail for picking up trash that County Code Enforcement said Plaintiff had to clean within 30 days. The ticket was dismissed by the District Attorney. This was illegal detainment, & another example of conspiracy & harassment being alleged. County Sheriff's Department illegally detained & ticketed Plaintiff without any witness or suspects identification procedure. Right to confront witness of false allegation. These are all Law Enforcement agencies; coordinated attacks against Macy's free Yeshua Temple project. Defendant Public Records

47. Legally, a Conspiracy exists when 2 or more persons join together & form an agreement to violate the Law, & then act on that agreement.

**WHEREFORE**, Plaintiff pray judgment against Defendant as follows:

1. For compensatory damages of $100,000. if settled before trial:
2. For punitive damages on those claims where it is available pursuant to law in an amount sufficient to punish, deter & make an example of the Defendant;
3. For interest on those claims where it is available under law;
4. For an order awarding PLAINTIFF their reasonable attorney's fees as to Plaintiff's civil rights claim pursuant to 42 U.S.C. § 1988, including litigation costs & expenses;
5. For cost of suit; &
6. For such other & further relief as this Court may deem to be just & proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

By Plaintiff: *Jeff Macy*

Jeff Macy

Date: 6/18/2024